UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSSIE LEE SLAUGHTER, | ) |
| Plaintiff, | ) CASE NO. C05-1693-JCC-MJB |
| v. | ) REPORT AND |
| KING COUNTY CORRECTIONAL FACILITY/RJC (D.A.J.D.) MEDICAL CENTER et al., | ) RECOMMENDATION |
| Defendants. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

This action is one of three pro se civil rights actions under 42 U.S.C. § 1983 that Plaintiff has pending in this Court. *See also* Case Nos. C05-1691and C05-1692. Now before the Court is Plaintiff's motion to receive four hours out of cell and direct phone access to outside lines (Dkt. # 24), which this Court construes as a motion for preliminary injunctive relief. The motion references all three of Plaintiff's § 1983 cases in its caption and was filed in each case. A response in opposition to the motion was filed under C05-1691, which included the case numbers of Plaintiff's three § 1983 actions in its caption and introductory objection, with the name of Defendants' counsel

REPORT AND RECOMMENDATION
Page - 1

John W. Cobb in the signature block. *See* C05-1691-JCC, Dkt. #37 (Opposition to Plaintiff's Motion for Injunction). This Court, having reviewed plaintiff's motion, the opposition thereto, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

## BACKGROUND

Plaintiff, a pretrial detainee, alleges in his amended §1983 complaint that Defendants caused him to contract tuberculosis ("TB") by negligently allowing another inmate known to be infected with TB to be in the waiting room of the RJC medical clinic at the same time Plaintiff was waiting there for a routine visit. Dkt. #13. Plaintiff contends that Defendants failure to protect him from that exposure to TB constitutes cruel and unusual punishment, as well as loss of life and liberty, in violation of the Eighth and Fourteenth Amendment. *Id.* at 4.

In the current motion, Plaintiff claims that during more than two years as a pretrial detainee, he has been subjected to violations of his rights, filed numerous grievances to no avail, and been reclassified to a higher, more restrictive custody level (administrative segregation maximum), such that he cannot adequately and efficiently investigate his case. Dkt. #36 at 2.

Defendants indicate that Plaintiff has been placed in a cell in the administrative segregation unit on numerous occasions in the last three years because of his continuous disrupting and challenging behavior. *See* C05-1691-JCC, Dkt. #37 at 2 (Opposition to Plaintiff's Motion for Injunction). Defendants state that Plaintiff has been infracted a total of 31 times and has been a part of multiple fights with other inmates. *Id.* They further assert that Plaintiff has been given the opportunity to transition into the general population from Administrative Segregation through the Transitional Behavior

REPORT AND RECOMMENDATION
Page - 2

Management Unit (TBMU) program, a short term program which receives additional privileges as incentive to progress to general population housing and compliance with facility rules. *Id.* However, Plaintiff was returned to Administrative Segregation after he violated his behavior contract under TBMU on May 1, 2006, by fighting with another inmate in that inmate's cell. Defendants contend that giving Plaintiff extra time out of his cell would cause security problems and impact the rights of other inmates to have time out of their cells. *Id.*

## DISCUSSION

A party seeking a preliminary injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). The traditional equitable criteria for granting a preliminary injunction are "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if the injunctive relief is not granted; (3) a balance of hardship favoring the plaintiffs; and (4) advancement of the public interest." *Mayweather v. Newland*, 258 F.3d 930, 938 (9th Cir. 2001) (quoting *Textile Unltd., Inc. v. ABMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001)). Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Service Co. v. Baldridge*, 844

REPORT AND RECOMMENDATION
Page - 3

1 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury

2 sufficient to warrant granting preliminary relief. *Id.* Rather, a plaintiff must

3 *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive

4 relief. *Id.* (emphasis in original).

5       The Ninth Circuit has identified an additional factor which must be considered

6 where a party seeks a mandatory injunction as opposed to a prohibitory injunction. *See*

7 *Stanley v. University of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994). In

8 *Stanley,* the court explained that "[a] mandatory injunction goes well beyond simply

9 maintaining the status quo *pendente lite* and is particularly disfavored." *Id.* at 1320

10 (internal quotations and citations omitted). When a mandatory preliminary injunction is

11 requested, the district court should deny such relief unless the facts and law clearly favor

12 the moving party. *Id.*

13       Here, Plaintiff contends that under his administrative segregation maximum

14 classification, he is only allowed one (1) hour out of his cell a day, which provides only

15 enough time for the following: one to two (15-minute) calls on the provided phone,

16 which records all calls; a quick 10-minute shower; 15 minutes of exercise; and a 10-15

17 minute shave. Dkt. 36 at 3. He seeks relief in the form of an order compelling

18 defendants to give him four hours out of his cell, and direct phone access to outside lines

19 where he can contact witnesses to prove the merits of his case. Plaintiff argues that if he

20 continues to be denied the requested time out of his cell and phone access, it is

21 extremely possible that his civil complaints will be subjected to summary judgment in

22 favor of the defendants.

23 //

24 //

25

26 REPORT AND RECOMMENDATION
Page - 4

1  Defendants respond that Plaintiff's request for preliminary injunctive relief
2  should be denied because Plaintiff's motion does not sufficiently plead facts that
3  demonstrate there is a significant threat of irreparable injury.  Additionally, Defendants
4  argue that:  (1) no liberty interest is infringed by classifying Plaintiff in administrative
5  segregation, (2) Plaintiff is receiving adequate time to conduct research for his civil
6  cases, and
7  (3) the jail has security and penological interests in prohibiting inmates classified to
8  administrative segregation from being out of their cells more than one hour.

9   First, this Court concludes that Plaintiff is seeking a mandatory preliminary
10 injunction because an order compelling Defendants to give Plaintiff the requested
11 amount of time out of his cell and direct phone access to outside lines would not
12 maintain the status quo.  Instead, it would force Defendants to provide relief to Plaintiff
13 to which they argue he is not entitled based on his current classification.  Accordingly,
14 because he seeks mandatory preliminary relief, Plaintiff's request is therefore subject to
15 a higher degree of scrutiny because such relief is disfavored under the law of this circuit.
16 *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).

17 Next, this Court considers whether the facts and law clearly favor granting
18 Plaintiff the relief requested.  In his underlying § 1983 action, Plaintiff claims violation
19 of the Eighth and Fourteenth Amendments due to Defendants' alleged failure to provide
20 safe and sanitary conditions in the RJC medical clinic.  "[T]he Eighth Amendment's ban
21 of cruel and unusual punishment prohibits conditions of confinement that pose
22 unreasonable threats to inmates' health. *McKinney v. Anderson*, 924 F.2d 1500, 1507
23 (9th Cir. 1991).  To state a claim of cruel and unusual punishment, however, a prisoner
24 must demonstrate that prison officials were deliberately indifferent to the allegedly
25
26 REPORT AND RECOMMENDATION
   Page - 5

unconstitutional prison conditions. *Wilson v. Seiter*, 111 S.Ct. 2321, 2326 (1991). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

  Here, Plaintiff's motion for injunctive relief alleges no facts tending to establish a likelihood of success on his merits of claim. In fact, Plaintiff's motion does not specifically mention his underlying claim; instead, he simply states that his motion is based on the likelihood to further investigate his case with success. Further, Plaintiff's amended § 1983 complaint contains no facts demonstrating that Defendants were actually aware that the other inmate in the clinic waiting room with Plaintiff had TB, or that the degree of exposure that occurred while the two inmates were in the waiting room was sufficient to create an unreasonable risk of harm to Plaintiff's health. Therefore, the Court concludes that Plaintiff has failed to demonstrate a strong likelihood of success on the merits of his claim.

  Additionally, Plaintiff's has failed to demonstrate the possibility of irreparable injury if his request for injunctive relief is not granted. Plaintiff argues that it is possible that his civil complaints will be subjected to summary judgment in favor of defendants if he is denied the requested relief. However, Plaintiff's argument is speculative in that no summary judgment motion has been filed this case. Thus, Plaintiff's argument of possible harm does not rise to the level of "immediate threatened injury" that is required to obtain a preliminary injunction.

REPORT AND RECOMMENDATION
Page - 6

//

Moreover, while pretrial detainees have a substantive due process right against restrictions that amount to punishment, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (internal citations omitted), there is no constitutional infringement if restrictions imposed on pretrial detainees are "but an incident of some other legitimate government purpose," *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). In such a circumstance, governmental restrictions are permissible. *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Here, Defendants have shown a sufficient basis for classifying Plaintiff in administrative segregation based on his history of disruptive behavior and fighting. Further, Defendants have identified the safety of officers and other inmates as a legitimate government purpose for limiting the amount of time that inmates, classified to administrative segregation, can be out of their cells. *See e.g,, Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir. 1999) (jail security and rehabilitation are legitimate penological interests); *Hewitt v Helms*, 459 U.S. 460, 473 (1983), *overruled in part by Sandin v. Conner*, 515 U.S. 472 (1985) ( safety of inmates is legitimate penological interest). Defendants also indicate that Plaintiff has received up to two hours weekly at the Westlaw workstation to conduct legal research that beginning June 19, 2006, Plaintiff was given up to four hours on the Westlaw workstation, and that he has access to a printer from which he can print the results of his research sessions. Plaintiff has offered no arguments to refute these facts. Therefore, the undersigned concludes that the restrictions on Plaintiff' time outside his cell and his phone access do not constitute punishment and do not significantly hamper his ability to investigate his case.

//

REPORT AND RECOMMENDATION
Page - 7

1  //

## CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's motion for order to receive four hours out of cell and direct access to outside phone lines (Dkt. #24) be denied. A proposed Order accompanies this Report and Recommendation.

DATED this 10th day of August, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 8